IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JIMMY LEE DAVIS, # 50130                                             PLAINTIFF

VS.                                                     CIVIL ACTION NO. 4:09cv54-FKB

DR. ROSALYN GAMBRELL and                                    DEFENDANTS
SANDRA ATWOOD

MEMORANDUM OPINION AND ORDER

The Court held an omnibus hearing[1] in this matter, at which time it conferred with Plaintiff and counsel for Defendants in this suit founded upon 42 U.S.C. § 1983. At that hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Davis is proceeding in this matter *in forma pauperis* and *pro se*.

Pending before the Court are Defendants' Motion for Summary Judgment (Docket No. 24), a memorandum in support thereof, and related exhibits. The Plaintiff has failed to respond to the Motion for Summary Judgment. For the reasons explained in this Memorandum Opinion and Order, the Court finds that summary judgment should be granted in favor of Defendants. Accordingly, this matter is dismissed with prejudice, and a separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

I. Plaintiff's Claims

Plaintiff is a convicted inmate who, at all times relevant to the claims in the complaint, was housed at East Mississippi Correctional Facility ("EMCF"). Named as Defendants are Dr.

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Rosalyn Gambrell, a dentist at EMCF, and Sandra Atwood, medical director at EMCF. In his complaint, Plaintiff claims that Defendants denied him constitutionally adequate dental care. More specifically, Plaintiff alleges that he did not receive proper dental care and that the Defendants have failed to obtain appointments with a "free world" oral surgeon in a timely manner. As relief, Plaintiff requests an appointment with a "free world" oral surgeon and damages from pain and suffering. Docket No. 1.

## II. Relevant Standards

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" Lemoine v. New Horizons Ranch and Center, 1999 WL 246713, *3 (5th Cir. 1999)(quoting Colston v. Barnhart, 146 F.3d 282 (5th Cir.), cert. denied, 119 S.Ct. 618 (1998)). Issues of fact are material if "the resolution of the issues affect the outcome of the suit under governing law." Id. "Federal summary judgment procedure requires the court to 'pierce through the pleadings and their adroit craftsmanship to reach the substance of the claim.'" Hicks v. Brysch, 989 F.Supp. 797, 806 (W.D. Tex. 1997)(citing Tacon Mech. Contractors v. Aetna Cas. and Sur. Co., 65 F.3d 486, 488 (5th Cir. 1995)). The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial,"

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, 37 F.3d at 1075.

### A. Exhaustion

Defendants have moved for summary judgment on the basis that Plaintiff has failed to exhaust his administrative remedies with regard to the claims asserted in this action. Indeed, according to the undisputed records submitted by Defendants, as well as Plaintiff's Omnibus Hearing testimony, it appears that Plaintiff failed to exhaust his administrative remedies before filing this action. In fact, it appears that Plaintiff withdrew the relevant ARPs before he completed the ARP process. Docket No. 24-2 at pp. 2, 14, and 25.

Plaintiff ignores recent statutory and case law which requires a prisoner to exhaust administrative remedies, regardless of the relief sought. The relevant portion of 42 U.S.C.§ 1997e, as amended by the Prison Litigation Reform Act of 1995 (PLRA) states, as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000).

In Booth v. Churner, 121 S.Ct. 1819 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. Booth, 121 S.Ct. at 1825. More recently, the United States Supreme Court held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 122 S.Ct. 983 (2002); see also Jones v. Bock, 127 S.Ct. 910 (2007)(reaffirming that exhaustion is

mandatory; stating that it is an affirmative defense).

The plaintiff admits that he has not exhausted his administrative remedies prior to bringing this suit, as is required by the PLRA. Furthermore, he does not allege that he suffered from any ailment which prohibited him from pursuing administrative remedies. See Ferrington v. Louisiana Department of Corrections, 315 F.3d 529 (5th Cir. 2002)(Plaintiff-inmate's blindness did not excuse him from exhausting administrative remedies.); see also Days v. Johnson, 322 F.3d 863 (5th Cir. 2003)(excusing non-exhaustion of administrative remedies because of physical injury and subsequent rejection of grievance due to untimeliness). Moreover, his request for monetary damages is not exempt from exhaustion. Porter v. Nussle, 122 S.Ct. 983, 988 (2002)("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." ) Exhaustion is now mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 739 (2001). Accordingly, for these reasons, summary judgment should be granted in favor of Defendants, and this entire action should be dismissed without prejudice.

### B. Denial of Adequate Medical Treatment Claim

Alternatively, and in an abundance of caution, the Court addresses Plaintiff's claims on the merits. Having reviewed the claims against Defendants, and having considered Plaintiff's testimony at the Omnibus Hearing and the extensive medical records in this case, the Court finds that the Defendants are entitled to summary judgment on these claims.

As a convicted prisoner at the time of this incident, Davis's constitutional protections flow from the Eighth Amendment. See Whitley v. Albers, 475 U.S. 312, 319 (1986)("After incarceration, only the ' "unnecessary and wanton infliction of pain" '. . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.")(citations omitted). Furthermore,

"[a] prisoner's rights are diminished by the needs and exigencies of the institution in which he is incarcerated. He thus loses those rights that are necessarily sacrificed to legitimate penological needs." Elliot v. Lynn, 38 F.3d 188, 190-91 (5th Cir. 1994).

Plaintiff alleges that Defendants violated his constitutional rights when they failed to provide adequate dental care. In particular, in his complaint and at the Omnibus Hearing, he alleged that Defendants violated his constitutional rights when they did not provide dental care to his liking. At the Omnibus Hearing, he alleged that Atwood delayed providing him dental care. He also testified at the Omnibus Hearing that Dr. Gambrell provided inadequate dental care because she broke his teeth and failed to complete a procedure correctly, therefore causing him pain. He also testified that his life was in imminent danger because of the allegedly inadequate dental treatment he received at EMCF.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under 1983," "whether the indifference is manifested by prison doctors . . . or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). In order for Davis to prevail on a §1983 claim for deliberate indifference, he must demonstrate that a defendant, who personally participated in the incidents, made an intentional, more than negligent, "conscious choice to endanger constitutional rights." Mesa v. Prejean, 543 F.3d 264, 274 (5th Cir. 2008) (internal quotation marks omitted); Snyder v. Trepagnier, 142 F.3d 791, 799 (5th Cir.1998). Deliberate indifference is "a state of mind more blameworthy than negligence" and a "reckless disregard for a substantial risk." Wernecke v. Garcia, 591 F.3d 386, 401 (5th Cir. 2009); Farmer v. Brennan, 511 U.S. 825, 835-36 (1994). "The test for deliberate indifference is subjective." Atteberry v. Nocona Gen. Hosp., 430 F.3d 245, 255 (5th Cir. 2005). "[A]n official's failure to

alleviate a significant risk that he should have perceived but did not" is not "the infliction of punishment." Farmer, 511 U.S. at 838.

Where a prisoner was treated seventeen times in three months, the United States Supreme Court held the plaintiff failed to state a cause of action against medical personnel for deliberate indifference constituting an Eighth Amendment violation. Estelle v. Gamble, 429 U.S. 97, 105-07 (1976). Not every claim that a prisoner has received inadequate medical treatment states an Eighth Amendment violation. Id. at 105.

Plaintiff's medical records, as set forth in great detail by Defendants' Memorandum Brief at pages 7 to 14 (Docket No. 25), demonstrate that he was seen and treated numerous times between February 2009 and January 2011 by health personnel at the prison and a "free world" oral surgeon. The medical records demonstrate that when he completed written Medical Services Request Forms complaining of dental pain and various dental ailments, he promptly received treatment. The records substantiate that Defendants treated him with various antibiotics and pain medications. Prison officials ensured that he received tooth fillings and oral surgery, along with follow-up care for these procedures. The records even show that Plaintiff refused dental treatment on several occasions. Thus, the medical records demonstrate that medical personnel established a pattern and plan for care and that Atwood and Gambrell were not deliberately indifferent to his serious medical needs. "Unsuccessful medical treatment does not give rise to a § 1983 cause of action" and neither does "[m]ere negligence, neglect[,] or medical malpractice." Varnado v. Lynaugh, 920 F.2d 320, 321(5th Cir. 1991).

Furthermore, this time line does not demonstrate denial of access to a doctor or unnecessary delay. Any time that Plaintiff filled-out a sick call form he was seen and treated by medical personnel, including the dentist. The Court is mindful that "a disagreement between an

inmate and his physician concerning whether certain medical care was appropriate is actionable under § 1983 only if there were exceptional circumstances." Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995). Although Plaintiff's dental condition was, no doubt, painful, this case does not appear to present exceptional circumstances. Indeed, the medical records of his varied and long treatment belies his claims. See Banuelos v. McFarland, 41 F.3d at 235 ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference."). Although he may disagree with the treatment he has received, "an inmate's mere disagreement with the course of medical treatment does not give rise to a constitutional claim." Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992).

### III. Conclusion

Thus, for the reasons stated above, the Court finds that, on the basis of the record before the Court, there is no genuine issue of material fact, and Defendants are entitled to summary judgment as to all of Plaintiff's claims. Accordingly, Plaintiff's claims against Defendants are dismissed with prejudice.

Furthermore, the Court finds that the plaintiff's claims should be dismissed as "frivolous." Because this case is dismissed pursuant to the Prison Litigation Reform Act and 28 U.S.C. § 1915(e) as "frivolous", it will be counted as a "strike." If the plaintiff receives "three strikes" he will be denied *in forma pauperis* status and be required to pay the full filing fee to file a civil action or an appeal. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED, this the 20th day of August, 2012.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE